Filed 1/8/14

*CERTIFIED FOR PUBLICATION*


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| CERTAINTEED CORPORATION,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>  Respondent;<br><br>WILLIAM HART,<br><br>  Real Party in Interest. | B253308 |
| FDCC CALIFORNIA, INC.,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>  Respondent;<br><br>WILLIAM HART,<br><br>  Real Party in Interest. | B253311 |

| | |
|---|---|
| OSCAR ERICKSON, INC., | B253316 |
| Petitioner, | |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| WILLIAM HART, | |
| Real Party in Interest. | |
| FOSTER WHEELER LLC, | B253330 |
| Petitioner, | (Los Angeles County Super. Ct. No. BC515681) |
| v. | (JCCP No. 4674) |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| WILLIAM HART, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS in mandate. Emilie H. Elias, Judge. Petitions granted.

McKenna Long & Aldridge, William J. Sayers, Farah S. Nicol and Margaret I. Johnson for Petitioner Certainteed Corporation.

Walsworth, Franklin, Bevins & McCall, Florence A. McClain, Jennifer A. Cornier, David J. Kestenbaum and Elizabeth N. Branham for Petitioners FDCC California, Inc., and Oscar E. Erickson, Inc.

Brydon Hugo & Parker, Edward R. Hugo, Shaghig D. Agopian and Thomas J. Moses for Petitioner Foster Wheeler LLC.

No appearance for Respondent.

Keller, Fishback & Jackson, Steven M. Fishback and Tenny Mirzayan for Real Party in Interest.

_____

Code of Civil Procedure section 2025.290[1] limits the deposition of a witness by counsel other than the witness's counsel of record to "seven hours of total testimony" (*id.*, subd. (a)) or "14 hours of total testimony" (*id.*, subd. (b)(3)), with certain exceptions. The second sentence of subdivision (a) states, "The court shall allow additional time, beyond any limits imposed by this section, if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." We conclude that this provision requiring additional time applies not only to the seven-hour limit imposed by subdivision (a) but also the 14-hour limit imposed by subdivision (b)(3).[2] The trial court, however, retains the discretion to limit a deposition in the interests of justice.

### FACTUAL AND PROCEDURAL BACKGROUND

William Hart filed a complaint in July 2013 against numerous defendants seeking damages for personal injuries arising from exposure to asbestos. The trial court determined, in an order filed on October 9, 2013, that plaintiff, then 76 years old, was entitled to trial preference (§ 36, subd. (a)) based on a physician's declaration that there was " 'substantial medical doubt of [plaintiff's] survival beyond even a few weeks' time.' " The trial is currently set to begin on January 14, 2014.

---

[1] Unless otherwise stated, all statutory references are to the Code of Civil Procedure.

[2] As we explain, in reaching this conclusion, we necessarily hold that *both* the seven-hour limit and the 14-hour limit are presumptive only and are plainly subject to the discretionary authority of the trial court to allow additional deposition time, as provided in the above quoted second sentence of subdivision (a) of section 2025.290.

4

Plaintiff's counsel noticed plaintiff's deposition and conducted a direct examination lasting approximately 14 hours over several days. Defendants then conducted several hours of examination before defendants Scott Company of California and Douglass Insulation Company, Inc., filed a noticed motion, on shortened time, for additional time to complete the deposition. Defendant Certainteed Corporation and other defendants joined in the motion. On November 25, 2013, the day before the hearing on the motion, plaintiff's counsel suspended the deposition of his client after defendants had completed 14 hours of examination.

In ruling on the defendants' motion, the trial court determined that defendants were limited to a total of 14 hours of examination pursuant to section 2025.290, subdivision (b)(3) and therefore denied the motion in a minute order filed on November 26, 2013. The court filed a signed order on December 10, 2013, explaining its ruling as follows:

"Limiting Defendants' ability to depose plaintiff for only fourteen (14) hours raises significant due process concerns for Defendants, for the reasons stated at the hearing, including, but not limited to, the fact that the case began with over seventy (70) defendants, involves thirty (30) years of alleged exposure to asbestos, with dozens of jobsites and dozens of products at issue, and when this is the only opportunity for defendants to examine plaintiff in a deposition that is the preservation of trial testimony. However, the Court is denying the Application while not determining the deposition is complete, because *Code of Civil Procedure Section 2025.290* is ambiguous as to whether subdivision (a) allows the Court to exercise discretion to grant additional time

5

to depose a plaintiff where the Court finds additional time 'is needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination' when there has been a prior finding in the case that 'the deponent suffers from an illness or condition that raises substantial medical doubt of survival of the deponent beyond six months' as described in subdivision (b). Thus, this ruling is based solely on the ambiguity of *Code of Civil Procedure Section 2025.290*, not based on the Court's exercise of discretion." We read this order as reflecting the trial court's determination that it did not have the discretionary authority to permit the deposition of a deponent described in subdivision (b)(3) to exceed 14 hours.

The trial court's order also stated, quoting section 166.1, that the ruling presented " 'a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of th[is] litigation' and all similarly situated cases handled by the Court as Coordinating Judge for all asbestos cases pending in Los Angeles, Orange, and San Diego Counties." The trial court reaffirmed the order on December 23, 2013, and denied an ex parte application challenging the order.

Certainteed Corporation filed a petition for writ of mandate or other appropriate relief in this court on December 24, 2013 (No. B253308), challenging the denial of the motion and seeking an immediate stay of the trial. Other defendants joined in the

6

petition.[3] FDCC California, Inc., Oscar Erickson, Inc., and Foster Wheeler LLC filed separate petitions seeking the same relief (Nos. B253311, B253316 & B253330).

We consolidated the four petitions and filed an order on December 27, 2013, notifying the parties that we intended to issue a peremptory writ of mandate in the first instance (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 (*Palma*)) directing the trial court (1) to vacate its order of December 10, 2013, which had denied defendants' motion for additional time to depose plaintiff, and (2) to enter a new order granting the motion on such terms as the court, in its discretion, found appropriate. We declined to stay the trial, however, stating that the trial court should determine whether it was appropriate to continue the trial date in these circumstances. The trial court notified this court on December 30, 2013, that it declined to vacate its order.[4] Plaintiff filed a written return on January 3, 2014, and defendants filed a reply four days later on January 7.

---

[3] Scott Co. of California, Anderson Rowe & Buckley Inc., Golden Gate Drywall, Inc., BW/IP, Inc., City of Pasadena, City of Burbank, Cleaver Brooks, Inc., The Board of Trustees of the Leland Stanford Junior University, The Regents of the University of California, Georgia-Pacific Consumer Products LP, Simpson Timber Company, Hill Brothers Chemical Company, Monterey Mechanical Company, Consolidated Insulation, Inc., Ingersoll Rand Company, University Mechanical & Engineering Contractors, Frank M. Booth, Inc., CSK Auto, Inc., Dillingham Construction N.A., Inc., Oscar E. Erickson, Inc., FDCC California, Inc., Crane Co., Timec Company, Inc., and Owens-Illinois, Inc., all joined in the petition.

[4] The trial court stated, in its order of December 30, 2013, "The trial court respectfully declines to modify its order, as the trial court believes a published opinion will provide helpful guidance to the legal community."

## *CONTENTIONS*

Petitioners contend section 2025.290, subdivision (a) establishes an exception to the 14-hour limit imposed by subdivision (b) in the event that additional time is needed to fairly depose the deponent, and the exception applies here.

## *DISCUSSION*

1. *Standard of Review and Rules of Statutory Construction*

We independently review the trial court's construction of a statute. (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529.) "Our fundamental task in construing a statute is to ascertain the legislative intent so as to effectuate the purpose of the law. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715 [3 Cal.Rptr.3d 623, 74 P.3d 726].) Because the statutory language ordinarily is the most reliable indicator of legislative intent, we begin by examining the words of the statute. (*Ibid.*) We give the words of the statute their ordinary and usual meaning and construe them in the context of the statute as a whole and the entire scheme of law of which it is a part. (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12 Cal.Rptr.3d 343, 88 P.3d 71].) If the language is clear and a literal construction would not result in absurd consequences that the Legislature did not intend, we presume that the Legislature meant what it said and the plain meaning governs. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [21 Cal.Rptr.3d 676, 101 P.3d 563].) If the language is ambiguous, we may consider a variety of extrinsic aids, including the purpose of the statute, legislative

8

history, and public policy. (*Ibid.*)" (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1448-1449.)

2.     *The Trial Court Must Reconsider Defendants' Motion and Exercise Its Discretion*

Section 2025.290 was added to the Code of Civil Procedure effective January 1, 2013, by Assembly Bill No. 1875 (2011-2012 Reg. Sess.). The relevant portion of section 2025.290 states:

"(a) Except as provided in subdivision (b), or by any court order, including a case management order, a deposition examination of the witness by all counsel, other than the witness' counsel of record, shall be limited to seven hours of total testimony. The court shall allow additional time, *beyond any limits imposed by this section*, if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

"(b) This section shall not apply under any of the following circumstances: [¶] . . . [¶] (3) To any case designated as complex by the court pursuant to Rule 3.400 of the California Rules of Court, *unless* a licensed physician attests in a declaration served on the parties that the deponent suffers from an illness or condition that raises substantial medical doubt of survival of the deponent beyond six months, in which case the deposition examination of the witness by all counsel, other than the witness' counsel

9

of record, shall be limited to two days of no more than seven hours of total testimony each day, or 14 hours of total testimony.[5]  [¶] . . . [¶]

"(c) It is the intent of the Legislature that any exclusions made by this section shall not be construed to create any presumption or any substantive change to existing law relating to the appropriate time limit for depositions falling within the exclusion. Nothing in this section shall be construed to affect the existing right of any party to move for a protective order or the court's discretion to make any order that justice requires to limit a deposition in order to protect any party, deponent, or other natural person or organization from unwarranted annoyance, embarrassment, oppression, undue burden, or expense."  (Italics added.)

We begin our analysis of section 2025.290 by focusing on the first sentence of subdivision (a), which states that a seven-hour limit applies "[e]xcept as provided in subdivision (b), *or by any court order*, including a case management order."  (Italics added.)  The plain meaning of this language in this context is that any court order in conflict with a seven-hour limit supersedes the statutory seven-hour limit.  This makes the seven-hour limit merely presumptive and applicable only if the court does not order otherwise.  Thus, the language of subdivision (a) indicates unambiguously that the court has the discretion to allow additional time to examine a deponent beyond the seven-hour

---

[5]  It is undisputed that the trial court has designated this as a complex case and that a licensed physician has declared that plaintiff suffers from an illness that raises substantial medical doubt of his survival beyond six months, as provided in section 2025.290, subdivision (b)(3).

10

limit under subdivision (a). However, there is no comparable language in subdivision (b). This raises the question whether "any court order" can supersede the 14-hour limit under subdivision (b)(3) and whether the court has the discretion to allow additional time to examine a deponent beyond the 14-hour limit set out in subdivision (b)(3). The statute is ambiguous in this regard. We need not resolve this ambiguity, however, because we conclude that subdivision (b)(3)'s 14-hour limit is also merely presumptive and is subject to the language in the second sentence of subdivision (a).

The second sentence of section 2025.290, subdivision (a) includes language requiring the court to allow additional time to examine a deponent "*beyond any limits imposed by this section*" if additional time is "*needed to fairly examine the deponent . . . .*"[6] (Italics added.) We hold that this exception applies not only to the seven-hour limit, but also expressly applies to "any limits imposed by this section," which necessarily includes the 14-hour limit set out in subdivision (b)(3). The Legislature's use of the words "this section," rather than "this subdivision," and "any limits," rather than "the limit," establishes that the exception applies not only to the seven-hour limit in subdivision (a), but also to the 14-hour limit in subdivision (b)(3). Thus, the statute requires that a court must allow additional time to examine a deponent

---

[6] Again, the entire second sentence of section 2025.290, subdivision (a) states: "The court shall allow additional time, beyond any limits imposed by this section, if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

11

beyond the statutory 14-hour limit if it determines that additional time is needed to fairly examine the deponent.

The legislative history relating to the 14-hour limit is sparse, but it does not indicate any intention to preclude a court from allowing additional time if additional time is needed to fairly examine a deponent or if any person or circumstance impedes or delays the examination. To the contrary, the addition of the 14-hour limit to subdivision (b)(3) (Sen. Amends. to Assem. Bill No. 1875 (2011-2012 Reg. Sess.) June 25 and Aug. 14, 2012) followed by the addition of the words "beyond any limits imposed by this section" to the second sentence of subdivision (a) (*id.*, Aug. 22, 2012) indicates an intention to make the exception in the second sentence in subdivision (a) applicable not only to the seven-hour limit of that subdivision, but also to the 14-hour limit in subdivision (b)(3). Moreover, allowing additional time if additional time is needed to fairly examine the deponent serves the purpose of the statute to impose reasonable limits on depositions generally while preserving the trial court's authority in each particular case to manage discovery in the interests of justice.

The trial court expressed grave concerns regarding the fairness of denying defendants additional time to depose plaintiff and impliedly found that defendants required more than 14 hours to fairly examine plaintiff. The court denied the motion for additional time based solely on its expressed determination that the statute was

12

ambiguous as to the court's authority to allow additional time beyond 14 hours and its implied finding that the court had no authority to allow such additional time.[7]

We conclude that section 2025.290 not only authorizes the court to allow additional time to depose a witness in these circumstances, but requires it to do so unless the court, in its discretion, determines that the deposition should be limited for another reason. Subdivision (c) recognizes that the court has the discretion to limit a deposition in the interests of justice and states that section 2025.290 does not affect "the court's discretion to make any order that justice requires to limit a deposition in order to protect any party, deponent, or other natural person or organization from unwarranted annoyance, embarrassment, oppression, undue burden, or expense."[8]

### 3. *Immediate Relief Is Warranted*

An appellate court may order the issuance of a peremptory writ of mandate in the first instance without affording the parties an opportunity for oral argument only in those rare and exceptional cases where the petitioner's right to relief is so obvious that no purpose could reasonably be served by plenary consideration of the issue and there is

---

[7] The trial court noted the ambiguity in the statute, but did not expressly resolve that ambiguity or explain its construction of the statute. In denying the motion based on the asserted ambiguity, however, the court impliedly determined that it had no authority to allow additional time for defendants to depose plaintiff, while also suggesting that such additional time might well otherwise be appropriate.

[8] The concerns regarding plaintiff's health asserted in plaintiff's return should be addressed to the trial court and do not justify the denial of writ relief. The trial court denied the motion for additional time to depose plaintiff based on its construction of the statute and has not yet exercised its discretion to rule on the defendants' motion.

13

no factual dispute. (*Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1242.) The accelerated *Palma* notice procedure "is 'reserved for truly exceptional cases' " and " 'is permitted only in extremely narrow circumstances' " usually involving some temporal urgency requiring an immediate decision. (*Id.* at p. 1243.) We have such circumstances presented in this case.

We conclude that the denial of the motion for additional time to complete plaintiff's deposition based on the trial court's interpretation of the provisions of section 2025.290, subdivision (b)(3) was clearly erroneous. Instead, the trial court must reconsider defendants' motion and exercise its discretion by determining whether and how to limit plaintiff's deposition in the interests of justice in light of plaintiff's current medical condition and all of the relevant circumstances. The current state of plaintiff's health, his right to a trial preference, and the imminent trial date constitute exigent circumstances justifying immediate relief so as to increase the possibility that plaintiff's deposition can be completed without a lengthy postponement of the trial date.

### *DISPOSITION*

The petitions for writ of mandate are granted. Let a peremptory writ of mandate issue directing the trial court (1) to vacate its order of December 10, 2013, denying the motion for additional time to depose plaintiff and (2) to reconsider[9] and enter a new

---

[9] We did not intend, by the language of our *Palma* notice of December 27, 2013, to suggest that the trial court was required to grant the defendants' motion, but rather to recognize that it did have the discretionary authority to do so and to authorize it to make a new ruling on the motion based on its exercise of such discretion.

14

order on, defendants' motion on such terms as the court, in its discretion, finds appropriate, taking into full consideration (a) the present health and physical condition of plaintiff, (b) plaintiff's statutory right to a preferential trial date, (c) the need of defendants for further examination of plaintiff as that need may be determined by the trial court upon its reconsideration of defendants' motion and (d) any other relevant circumstances that the interests of justice may require.

Our decision shall be final in this court immediately upon the filing of this opinion. (Cal. Rules of Court, rule 8.490(b)(3); *Ng v. Superior Court* (1992) 4 Cal.4th 29, 33-34 and fn. 1.)

*CERTIFIED FOR PUBLICATION*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

ALDRICH, J.

15